In the matter of SARAH L. STUR, an alleged lunatic.

[Decided April 30th, 1923.]

Evidence that a woman was nearly seventy years of age, and was at times forgetful and inattentive to her affairs, but without testimony, even by the physician produced by the petitioner, that she was of unsound mind, is not, when opposed by the evidence of two physicians that she was normal mentally, sufficient to sustain a verdict that she was of unsound mind rendered after a hearing at which she was examined alone without the aid of counsel, and, therefore, the inquisition should be set aside and a new commission issued.

---

On application to set aside inquisition or to permit a traverse.

*Mr. Merritt Lane,* for the applicant.

*Mr. Foster W. Freeman* and *Mr. William B. Gourley,* contra.

LEWIS, V. C.

On March 24th, 1920, Sarah L. Stur, the alleged lunatic, conveyed certain real estate to her son, George Stur. Later, a disagreement arose between them, and through the intervention of her daughter, Mabel Cadmus, a bill was filed in this court by Mrs. Stur to set aside the conveyance to the son. Upon the hearing before Vice-Chancellor Stevenson, the complainant, who, meantime, had returned to live with her son, appears to have changed her attitude towards him, and asked to have the proceedings discontinued, stating, contrary to her previous allegations, that she had received adequate consideration for the transfer of the property. At the suggestion of Vice-Chancellor Stevenson, application was made for a writ *de lunatico inquirendo.* The application for the writ was made by Mabel Cadmus, the daughter. The inquisition was taken before the commissioners and a jury of twenty-four men; and by a vote of sixteen to eight Mrs. Stur was found to be of unsound mind as and from March 24th, 1920. The present application is made in behalf of the alleged lunatic to set aside the verdict upon which the inquisition is based, or for leave to traverse the inquisition.

Mrs. Stur was a woman nearly seventy years of age. At the hearing before the commissioners and jury she was examined alone, without the aid of counsel. While the evidence shows that she is forgetful and inattentive to affairs, nevertheless, the physician produced by the petitioner to testify regarding Mrs. Stur's mental condition was unwilling to state that she was of unsound mind; and both Dr. Beling, an alienist of high standing, and Dr. Todd, a general practicing physician, produced in behalf of Mrs. Stur, testified that she was normal mentally and capable of governing herself.

With the testimony in this posture I am unwilling, in view of the manner in which the inquisition was taken, to concur in the finding of the jury. It may well be, that as a matter of fact, Mrs. Stur is incapable of managing her affairs and caring for her property advantageously to herself and her interests, but before she is to be deprived of the right to manage her own affairs and a guardian for her is to be appointed, the condition of infirmity alleged should be established by clear and convincing proof. In the present proceeding it seems to me that this had not been done. I. am, therefore, of the opinion that the verdict and inquisition under review should be set aside, and that a new commission should issue.